No. 39.—James W. Greene, plaintiff in error, *vs.* Thomas B. Barnwell *et al.* defendants in error.

[1.] Where a draw had been given in, for Wesley Yarborough's orphans, under the Land Lottery Act of this State, and a grant had issued to them in that capacity : *Held,* that it was competent to show by parol evidence, the *identity* of the persons mentioned in the grant, and that they were *ille-*

*gitimate,* for the purpose of shewing that their illegitimate half-brother was their heir at law, under the Act of 1816.

[2.] The question of *identity* is a question of fact, to be submitted to the Jury, and when there is any evidence of that fact, a non-suit will not be awarded.

Ejectment, in Gordon Superior Court. Tried before Judge IRVIN, March Term, 1852.

The facts of this case are as follows:

The plaintiff in error brought his action to recover a lot of land in possession of defendant. On the trial, plaintiff introduced a grant from the State to Wesley Yarborough's orphans, issued under the Lottery Acts of 1830 and 1831, covering the land in dispute.

Witnesses were then introduced by plaintiff, who testified that a draw was given in under the Lottery Acts, for Wesley Yarborough's orphans, who were the illegitimate children of Wesley Yarborough, in the district set forth in the grant as the residence of the grantees; that the said children both died under age and without issue; that the plaintiff is a half-brother of the children known as Wesley Yarborough's orphans, and is himself an illegitimate, and the only brother of said orphans.

On hearing the plaintiff's testimony, the Court, on motion and argument, awarded a non-suit, on the ground—

1st. That sufficient proof had not been adduced of the identity of the drawers of the lot.

2d. That no proof was made, that there were no other persons in the district, known as Wesley Yarborough's orphans.

3d. That the grant being issued to orphans, could not convey title to illegitimates.

To which decision of the Court, plaintiff in error excepted.

McDONALD, for plaintiff in error.

UNDERWOOD, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This action was instituted in the Court below, to recover the possession of the tract of land in controversy, by James W. Greene, who is the lessor of the plaintiff, and who claims the land, as the heir at law of Wesley Yarborough's orphans, who are the grantees from the State. On the trial of the cause, the plaintiff read in evidence the grant from the State, to Wesley Yarborough's orphans, to the lot of land in controversy, and then offered the evidence of witnesses, who testified that a draw was given in by their next friend, for Wesley Yarborough's orphans, and that the persons known as Wesley Yarborough's orphans, were *illegitimate,* and that the lessor of the plaintiff was also an illegitimate, and half-brother to the orphans of Wesley Yarborough, who were both dead.

[2.] The Court below non-suited the plaintiff, and the question is, did the plaintiff make out a *prima facie* case, which in Law, entitled him to recover the premises in dispute? The grantees took the land under the grant from the State, as *purchasers,* and were seized thereof, in that capacity, at the time of their death. It is true that, according to the Land Lottery Act, under which the land was drawn, illegitimates were not entitled to a draw, but orphans were entitled; in other words, the draw was *fraudulent,* and had it been returned as a fraudulent draw, in the manner and within the time prescribed by the Land Lottery Act, would have been condemned as such, and the title thereto held under the grant, would have been forfeited to the State. But the time within which lots of land *fraudulently* drawn in the land lottery, were to have been returned as such, has long since expired by the limitation contained in the Land Lottery Act. The fraud in giving in for the draw, was a matter between the State and the drawers of the lot in question, and she has not thought proper to institute any proceedings to vacate the grant, within the time prescribed by the Act. The grantees, under the name of Wesley Yarborough's orphans, died, *seized in law* of the lot of land mentioned in the record. Who were the *persons* that

Greene *vs.* Barnwell *et al.*

drew the lot of land, by the name of Wesley Yarborough's or-phans? The evidence was offered to *identify the persons who drew the lot of land,* not to *contradict the grant,* as has been contended, and in our judgment, was properly admitted for that purpose. 3 *Starkie's Ev.* 1021, 1022. It has been insisted, that this case comes within the principle settled in the case of *Sykes vs. McRory,* 10 *Georgia Rep.* 465. Here, there was no *mistake* in issuing the grant; the grant issued to *the persons* for whom the draw was given in. In that case, the evidence offered was to show that the grant issued to *Rachel McCrary,* was intended for *Rachel McRory,* thereby substituting a *different name* for the grantee to that specified in the grant. By the Act of 1816, illegitimates are authorized to inherit from each other. *Cobb's New Digest,* 293. The evidence offered upon the trial, shewed that *the persons* who drew the lot of land in question, under the name of Wesley Yarborough's orphans, were *illegitimate;* that they were dead; that the lessor of the plaintiff was their half-brother, and also an *illegitimate,* and according to the Act of 1816, is entitled to inherit from them. The plaintiff, in our judgment, made out a *prima facie* case, to entitle him to recover, which ought to have been submitted to the Jury. Whether the evidence of the *identity* of the drawers, or of the plaintiff as their heir at law, was sufficient to authorize a recovery, was a question for the Jury, and not for the Court, to decide; there is undoubtedly *some evidence of identity* contained in this record, which ought to have been submitted to the Jury, for their consideration.

Let the judgment of the Court below, awarding the non-suit, be reversed.